KENNETH L. FORD v. WILLIS J. KRUCKEBERG
ROOFING & SHEET METAL AND ANOTHER.

241 N. W. 2d 653.

April 30, 1976—No. 45735.

*Jardine, Logan & O'Brien* and *Graham Heikes,* for relators. *P. Nadine James,* for respondent.

Heard before Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Certiorari to the Workers' Compensation Board to review its decision of February 11, 1975, affirming an award to employee for total disability. We affirm.

The case was determined below on stipulated facts. On March 6, 1962, employee suffered a personal injury arising out of and in the course of his employment with relator. The result of the injury was the loss of the use of both legs and a loss of bowel and bladder function, thus rendering the employee a paraplegic. The insurer paid 350 weeks of temporary total disability benefits, Minn. St. 176.101, subd. 1; 52 weeks of retraining benefits, Minn. St. 176.101, subd. 7; 500 weeks of permanent partial disability, Minn. St. 176.101, subd. 3(30); and $35,222.52 in medical expenses. Employee also sought and received an award for total disability, with partial credit being given to the employer for the aforesaid temporary total disability benefits and permanent partial disability benefits previously paid.

On October 13, 1969, employee returned to work as a draftsman for Burlington Northern Railroad and has been so employed ever since. His wage in his new occupation is in excess of that he was earning at the time of his injury.

The award was made pursuant to Minn. St. 176.101, subd. 4, which provides for indefinite payment of benefits for permanent total disability as defined in Minn. St. 176.101, subd. 5. Subdivision 5 provides:

"The total and permanent loss of the sight of both eyes, the loss of both arms at the shoulder, the loss of both legs so close to the hips that no effective artificial members can be used, complete and permanent paralysis, total and permanent loss of mental faculties, or any other injury which totally incapacitates the employee from working at an occupation which brings him an income constitutes total disability."

The issue on this appeal involves solely an interpretation of the above cited statute. Does the injury sustained by this employee constitute permanent total disability where the injured employee returns to gainful employment at a greater wage than he was earning at the time of his injury? We think it does.

The parties make no distinction on appeal between the loss of use of limbs due to amputation and the loss due to paralysis. Thus, to sustain relators' position that the employee is not entitled to benefits for total disability because he is "working at an occupation which brings him an income" reads something into the statute which does not apply to this case. The statute is clear and unambiguous. It spells out five specific injuries constituting total disability where the employee is entitled to recover without regard to whether he is working at another occupation. Those categories are:

(1) Total and permanent loss of sight of both eyes.

(2) Loss of both arms at the shoulder.

(3) Loss of both legs so close to the hips that no effective artificial members can be used.

(4) Complete and permanent paralysis.

(5) Total and permanent loss of mental faculties.

It then lists a sixth category where additional proof of total disability must be shown. The employee must prove not only the fact of the injury itself but must show that he is prevented from working at an occupation which brings him income, for the statute goes on to say "or any other injury which totally incapacitates the employee from working at an occupation which brings him an income."

274

Any other interpretation of the statute would make the enumeration of the five specific injuries meaningless. If an employee with such injuries had to sustain a burden of proof that he was not employable, the legislature would have had no need to specifically mention any injuries. The statute could have simply read, "Any injury which totally incapacitates the employee from working at an occupation which brings him an income constitutes total disability." It is obvious therefore that the legislature intended that the five specific types of injury, one of which occurred here, entitles an employee to total disability payments regardless of whether he finds additional employment earning him income or not.

The board's decision is accordingly affirmed in all respects.

OTIS, JUSTICE (dissenting).

While the parties might not find any distinction between loss of use of limbs due to amputation and loss due to paralysis, apparently the legislature did. The statute expressly deals with paralysis and limits "total disability" to "complete and permanent paralysis," not simply to paralysis of the legs, bladder, and bowels. "Inclusio unius est exclusio alterius." We are not at liberty to rewrite the statute.

PETERSON, JUSTICE (dissenting).

I join the dissent of Mr. Justice Otis.